**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ALAN R. KING, JR.,
REG. #08297-028                                                                                          PLAINTIFF

v.                                            2:11-cv-00145-DPM-JTK

T.C. OUTLAW, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

This matter is before the Court on the Defendants' Motions to Dismiss (Doc. Nos. 24, 34), to which Plaintiff filed a Response (Doc. No. 29). By Order dated February 15, 2012, the Court notified the parties that the Motions would be construed as ones for Summary Judgment, pursuant to FED.R.CIV.P. 12(d), and provided them with the opportunity to submit additional briefs and/or evidence in support of their positions (Doc. No. 35). Plaintiff filed additional responses (Doc. Nos. 37-38).

Plaintiff Alan King is a federal inmate incarcerated at the Federal Correctional Institution (FCI), Terre Haute, Indiana. He filed this <u>Bivens</u> federal civil rights action against Defendants, alleging physical and sexual assaults by Defendant Melton while Plaintiff was incarcerated at the FCI-Forrest City, Arkansas, from April through September, 2008. He also alleges Defendants Outlaw and Thompson were deliberately indifferent to his serious medical needs and retaliated against him. Plaintiff asks for damages from Defendants.

**II.     Analysis/Discussion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134-35 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986))(other citation omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Although Defendants assert several theories in support of their Motions and their requests for dismissal of Plaintiff's Complaint against them, the Court finds dispositive the arguments that Plaintiff failed to exhaust his administrative remedies and that this determination was rendered in a prior similar action filed by Plaintiff against Defendants.

According to the Prison Litigation Reform Act (PLRA),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), the United States Supreme Court held that, in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, Eighth Circuit Court of Appeals held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corr., 201 F.3d 1023, 1025 (8th Cir. 2000).  In Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.)  Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the United States Supreme Court held that, while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

These exhaustion requirements also equally apply to Bivens federal civil rights actions.  See Alexander v. Hawk, 159 F.3d 1321, 1323-24 (11th Cir. 1998).  The administrative remedy process in federal prisons is a four-step process.  28 C.F.R. § 542.10-542.19; see also Declaration of An Tran, Senior Attorney with the Federal Bureau of Prisons (BOP) (Doc. No. 25-2).  According to this Declaration, Plaintiff did not properly file any administrative remedy requests while incarcerated at FCI, Forrest City.  Id. at p. 3.  In addition, the only remedy request filed relating to staff

4

misconduct was filed on April 26, 2010, while Plaintiff was incarcerated at FCI, Terra Haute, and it concerned an incident which allegedly occurred at Terre Haute. Id. Finally, in January 2011, Plaintiff attempted to file six separate grievances pertaining to staff misconduct that occurred in 2008, but these remedies and appeals were rejected as untimely. Id. at p. 4.

Plaintiff's initial response to this argument is that he exhausted his administrative remedies with respect to a Federal Tort Claim Act (FTCA) claim he previously pursued based on the acts of Defendant Melton. Plaintiff also claims he should be excused from the exhaustion requirement because his counselor told him he could not file grievances during an internal investigation of his allegations, and that his counselor at FCI Milan later refused to process an informal resolution which he filed (Doc. No. 29, p. 7).

This issue of exhaustion concerning the same claims asserted by Plaintiff against Defendants was previously adjudicated in King v. United States of America, No. 2:09-cv-00163-JMM-HDY (E.D. Ark. 2010) (King I). King originally filed that action pursuant to the FTCA against the United States, but later dismissed the United States and amended his complaint to assert Bivens constitutional claims against Outlaw, Thompson and Melton.[1] The action was dismissed on January 6, 2011, due to Plaintiff's failure to exhaust his administrative remedies.[2] In rendering the decision, the Court considered the same arguments as made in this case by the parties, including Plaintiff's claim that his counselor prevented him from submitting a timely request for administrative remedy.

---

[1] Plaintiff's allegations against Defendants in that case are the same as those asserted against them in the present case.

[2] The Proposed Findings & Recommendation of United States Magistrate Judge H. David Young were adopted by United States District Judge James M. Moody. See King v. United States of America, 2010 WL 5525362 (E.D. Ark. 2010).

King, 2010 WL 5525362 at 3. The decision was affirmed by the United States Court of Appeals for the Eighth Circuit on May 18, 2011. King v. United States, 417 Fed.Appx. 609 (8th Cir. 2011).

This Court finds that Plaintiff's present Complaint against Defendants is barred by res judicata and collateral estoppel because of the ruling in King I that Plaintiff failed to exhaust his administrative remedies prior to filing the lawsuit against Defendants. Res judicata prevents the relitigation of a claim on grounds that were raised or could have been raised in a prior action. Followell v. United States, 532 F.3d 707, 708 (8th Cir. 2008). Collateral estoppel prevents relitigation of an issue which was previously decided in another case. Harben v. Dillard, 2010 WL 3893980 (E.D. Ark. 2010). The exhaustion issue present in this action was previously litigated in King I, and Plaintiff has not provided any arguments or evidence that, after the rendering of that decision and prior to filing this case, he cured the problem by exhausting his administrative remedies. In addition, the Court notes that the issue was adjudicated with respect to the same claims raised against the same parties as in the present case. Therefore, the Court finds that Plaintiff's Complaint against Defendants should be dismissed for failure to exhaust his administrative remedies.

## III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions to Dismiss, which this Court construed as Motions for Summary Judgment (Doc. Nos. 24, 34) be GRANTED, and that Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 4th day of April, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE